**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, et al., | ) ) ) |
| Plaintiffs, | ) Case No. 2:16-cv-00781-MMD-CWH ) |
| vs. | ) **ORDER** ) |
| DRAFTKINGS, INC., | ) ) |
| Defendant. | ) ) |

    This matter is before the Court on Defendant DraftKing LLC's Motion to Stay Discovery (ECF No. 44), filed August 22, 2016, Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC's Opposition (ECF No. 50), filed September 8, 2016, and DraftKing's Reply (ECF No. 54), filed September 19, 2016. DraftKings requests that the Court stay discovery until the Court has had an opportunity to rule on the pending motion to dismiss (ECF No. 37).

    The Federal Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) (citation omitted). As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery, and in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach is that set forth previously in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). As *Twin City* and *Turner Broadcasting* state, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of

discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556). Dispositive motions are a frequent part of federal practice. An overly lenient standard for granting requests to stay due to pending dispositive motions would result in unnecessary delay in many cases. Thus, in the context of a pending Rule 12(b)(6) motion, "[a] stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Id*. at 603. This often requires a magistrate judge to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted). That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. "The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay*, 278 F.R.D. at 603. In deciding whether to stay pending resolution of a motion to dismiss is appropriate, the Court looks to (1) whether the pending motion is potentially dispositive; (2) whether the potentially dispositive motion can be decided without additional discovery; and (3) whether the potentially dispositive motion is likely to prevail after the Court has taken a "preliminary peek" at the merits of the motion. *Id*., at 602-03.

The Court has preliminarily reviewed the pending motion to dismiss and finds that DraftKings has made the necessary showing to support its requested stay. The complaint in this matter was filed on April 7, 2016. (*See* ECF No. 1.) DraftKings' motion to dismiss challenges each of the ten asserted patents on the basis that they are not patent-eligible subject matter under 35 U.S.C. § 101. After having considered the parties' arguments, it appears that if the motion is granted, it would be dispositive of the entire case. It does not appear that additional discovery is needed to resolve the motion, and it appears that the motion is likely to prevail. Accordingly,

**IT IS HEREBY ORDERED** that Defendant DraftKings' Motion to Stay Discovery (ECF No. 44) is **granted**.

1    **IT IS FURTHER ORDERED** that the parties' Joint Rule 26(f) Report and Discovery Plan
2    and Proposed Scheduling Order (ECF No. 58) is **denied** without prejudice. If the pending motion
3    to dismiss (ECF No. 37) is denied, the parties must update and refile the proposed discovery plan
4    within 14 days from the date of the order on the motion to dismiss.

6    DATED: September 27, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**