IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED and INTERACTIVE GAMES, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>DRAFTKINGS, INC.,<br><br>  Defendant. | C.A. No. 17-1040 RGA-CJB<br><br>JURY TRIAL DEMANDED |
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED and INTERACTIVE GAMES, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>FANDUEL, INC.,<br><br>  Defendant. | C.A. No. 17-1041 RGA-CJB<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] FIRST AMENDED CASE SCHEDULING ORDER**

This ____ day of December, 2017, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> The parties have already exchanged Rule 26 initial disclosures.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **March 29, 2018**.

    3.    Discovery.

    a.    Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **June 14, 2018**, and expert discovery shall be completed by **January 10, 2019**.

    b.    Document Production. Document production shall be substantially complete by **January 12, 2018**.[1] The Parties' prior Agreement Regarding the Electronic Production of Documents, email discovery and privilege logging are incorporated herein by reference.

    c.    Requests for Admission. A maximum of 50 requests for admission are permitted for each side.

    d.    Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e.    Depositions.

        i.    Limitation on Hours for Deposition Discovery. Plaintiff shall have up to fifty (50) hours deposition testimony of fact witnesses, including Fed. R. Civ. P. 30(b)(6) depositions, but not including third-party witnesses, per Defendant. Defendants shall coordinate their depositions and shall collectively be allowed to have up to eighty (80) hours of deposition testimony of fact witnesses, including Plaintiffs' employed inventors and Fed. R. Civ. P. 30(b)(6) depositions, but not including third-party witnesses. Each Defendant shall have an additional eleven (11) hours of deposition testimony for

---

[1] The deadline for substantial completion does not apply to any subsequent, timely-served requests for production or somehow limit a party's production obligations to currently pending requests for production.

their own use. Those eleven (11) hours are separate and in addition to the foregoing eighty (80) cumulative hours. For clarity, if a witness is duly noticed as both a Fed. R. Civ. P. 30(b)(6) witness and a Fed. R. Civ. P. 30(b)(1) witness, that deposition shall count as both a Fed. R. Civ. P. 30(b)(6) deposition and a Fed. R. Civ. P. 30(b)(1) deposition, and any such depositions will be conducted concurrently and/or consecutively, unless the parties otherwise agree in writing. The parties agree to negotiate, in good faith, the amount of deposition time for each expert. Unless the parties agree otherwise, the parties will abide by Fed. R. Civ. P. 30(d)(1) regarding the duration of a deposition as limited to seven (7) hours.

        ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages,

outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. Application to Court for Protective Order. The parties have been operating under the Protective Order in place as ordered by the transferee court, and will continue to abide by that order.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before **January 12, 2018**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **February 23, 2018**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed

4

construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing.</u> The Plaintiffs shall serve, but not file, their opening brief not to exceed 20 pages, on **March 12, 2018**. The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **April 2, 2018**. The Plaintiffs shall serve but not file, their reply brief, not to exceed 20 pages, on **April 16, 2018**. The Defendant shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **April 30, 2018**. No later than **May 2, 2018** the parties shall file a Joint Claim Construction Brief The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.  Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]

   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

B. [TERM 2]
   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction.</u> Beginning at **9:00 a.m. on May 16, 2018**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. <u>Election of Asserted Claims and Asserted Prior Art.</u>

a. Plaintiffs' Initial Claim Charts and Preliminary Election of Asserted Claims served in the District of Nevada Actions on January 5, 2017, are deemed served in these Actions.

b. Defendants' invalidity contentions and Preliminary Election of Prior Art served in the District of Nevada Actions on March 21, 2017, are deemed served in these Actions.

c. No later than July 19, 2018, Plaintiffs shall serve a Final Election of Asserted Claims, of no more than 5 asserted claims per patent from among the previously asserted claims and no more than a total of 20 claims.

d. No later than August 30, 2018, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than 5 pieces of 102 prior art and no more than 10 pieces of 103 prior art (inclusive of the 102 prior art) per asserted patent.

e. Nothing in this Section shall preclude any party from seeking leave of Court to substitute Asserted Claims or Prior Art references at any time, and nothing herein shall alter the applicable standards or burdens or proof associated with such a request.

11. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 11, 2018**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **December 6, 2018**. Reply expert reports from the party with the initial burden of proof are due on or before **January 10, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **January 10, 2019**.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 21, 2019**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

13. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. Pretrial Conference. On **September 6, 2019**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **_____. m**. The parties shall file a

ME1 26260523v.1

joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

17. Trial. This matter is scheduled for a **two separate 5 day jury trials beginning at 9:30 a.m. on September 23, 2019 and October 7, 2019, respectively for Case No. 17-1040-LPS and Case No. 17-1041-LPS**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The

ME1 26260523v.1

trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      18.    ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

ME1 26260523v.1